Miller *v.* Noble *et al.*

---

No. 9482.

## MILLER *v.* NOBLE ET AL.

SHERIFF'S SALE.—*Title.*—A purchaser at a sheriff's sale, as a general rule, acquires only the estate which the debtor possessed.

PARTITION.—*Adjudication of Title.*—Title may be put in issue, tried and settled in partition proceedings ; but, ordinarily, such proceedings do not settle title, do not create any new title, but simply divide into separate shares the land held under existing titles. If an adjudication upon the character of the title is desired, issues must be formed directly presenting that question for decision.

SAME.—*Descents.*—*Widow.*—*Sheriff's Sale.*—*Case Criticised.*—A widow mar-

ried a second time, having children by her first husband. The real estate which came to her from the first husband was, during her second coverture, sold at sheriff's sale to satisfy a judgment recovered against her, after her second marriage. The purchaser, after obtaining a sheriff's deed, brought an ordinary suit for partition against her and her children by the first marriage; no question of title was sought to be settled by the complaint, nor made by the pleadings, and the decree merely granted partition. Action by said children, after their mother's death, to recover the land so set off to said purchaser.

*Held,* that the purchaser from the sheriff took merely the estate of the judgment debtor, which, under the statute, was an estate in fee simple determinable upon her death during the second coverture.

*Held,* also, that the partition proceedings did not enlarge this estate. *Crane v. Kimmer,* 77 Ind. 215, criticised.

*Held,* also, that, on the death of the woman, the land went to her children by the first marriage.

From the Madison Circuit Court.

*W. R. Pierse* and *C. B. Gerard,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellees.

ELLIOTT, J.—The land which is here the subject of dispute is claimed by the parties through John A. Noble, deceased; the appellees claim as his children; the appellant founds his claim on a sheriff's sale made on a judgment obtained by him against the widow of John A. Noble. At the time the judgment was recovered and sale made, the widow had married a second time.

A purchaser at a sheriff's sale, as a general rule, acquires the estate which the debtor possessed, and no other. In the case before us, the appellant acquired the title held by his debtor, and took no greater estate than she owned. The estate of the appellant's debtor, at the time his rights were acquired, was not an absolute estate in fee, but one determinable upon her death under coverture. The appellant, under the facts of this case, acquired no greater estate than a life-estate by his purchase at the sheriff's sale, and, unless there is some element in the case enlarging his rights, he owned no more than an estate for the life of his debtor.

It is contended that a judgment in a proceeding for parti-

tion settled the appellant's title and fixed it as an estate in fee. This judgment was rendered in an action instituted by the appellant against the widow, then Sarah A. Gooding, and the children of the deceased, and was an ordinary suit for partition. It is not shown that the question of title was put in issue. There seem to have been only such pleadings as are ordinarily employed in partition proceedings, and only such an assertion of title as was sufficient to entitle appellant to partition. The object of the action, so far as this record shows, was solely to secure a division of the land and an allotment of shares. The decree neither settles nor professes to settle any question of title; it does no more than direct partition. As title was not put in issue, and as the decree does not attempt to settle any question of title, the titles of the respective parties were neither weakened nor strengthened. Ordinarily, proceedings in partition do not settle title; at all events they create no new title—they simply divide into separate shares the land as held under existing titles. *Utterback* v. *Terhune*, 75 Ind. 363; *Avery* v. *Akins*, 74 Ind. 283; *Teter* v. *Clayton*, 71 Ind. 237; *Knight* v. *McDonald*, 37 Ind. 463.

As the partition proceedings added nothing to the title vested in the appellant by the sheriff's sale, he has no other, and we have already seen what that title is. There is no conflict upon this point. The widow, who marries a second or subsequent time, having children by the former marriage, through which her rights are derived, takes, as against them, an estate determinable at her death, and her vendee can take no more. *Connecticut, etc., Ins. Co.* v. *Athon*, 78 Ind. 16; *Vinnedge* v. *Shaffer*, 35 Ind. 341.

The appellant presses upon our consideration the case of *Crane* v. *Kimmer*, 77 Ind. 215, and there are some expressions in the opinion which seem to sustain his theory of the law. In so far as the expressions found in that opinion are in conflict with the cases we have cited, they must be deemed to be incorrect statements of the law. The point decided in that

VOL. 86.—34

case was, that it was not error to admit in evidence the record of the partition proceedings, and that decision is right; but what is said about the title being put in issue and adjudicated in ordinary partition proceedings is wrong. That title may be put in issue, tried and settled in partition proceedings is true. *Cravens* v. *Kitts,* 64 Ind. 581; *Milligan* v. *Poole,* 35 Ind. 64; *Godfrey* v. *Godfrey,* 17 Ind. 6; *McMahan* v. *Newcomer,* 82 Ind. 565. It is not, however, correct to say that it is necessarily in issue in ordinary partition proceedings, where there are no other pleadings than such as are ordinarily employed, and no other decree than the usual one directing partition. As was said in *Avery* v. *Akins, supra,* "The effect of the partition was to sever the respective shares, and not to change the source of title."

In ordinary partition proceedings, it is only necessary to allege and prove such a title as entitles the party to a division of the land. The adjudication in such a case goes no farther than to declare that such a right is shown as will support partition and to allot the shares to the co-tenants entitled to them. If a conclusive adjudication upon the character of the title is desired, issues must be formed directly and fully presenting that question for decision.

In *Crane* v. *Kimmer, supra,* it is said, that "Collateral questions may arise that may render it necessary to go back and enquire into how they" (the parties) "had derived their titles," and this is inconsistent with the theory that a judgment in an ordinary partition proceeding is conclusive upon the question of title. It is also said that the judgment fixes the rights of the parties to "their then title," and this statement is in harmony with the cases we have cited, for they lay down the rule that, ordinarily, a judgment in partition does not operate upon after-acquired titles, but only upon such as were in existence at the time of the rendition of the decree. This principle leads to an affirmance of the judgment, irrespective of the other considerations we have discussed.

Judgment affirmed.