No. 14,987.

### ELLER ET AL. *v.* EVANS ET AL.

PARTITION.—*Decree.*—*Collateral Attack.*—The owner in fee of certain real estate died intestate, leaving a widow and children. In 1855, in a suit for partition of the land, brought by certain of the children against the widow and the remaining children, the common pleas court appointed commissioners to make partition, and upon their report that they had

assigned to the widow for her dower thirty-eight acres of the land, but were unable to partition the remainder among the children, ordered the sale of the entire tract, subject to the widow's dower. Upon the death of the widow, in 1888, the plaintiffs, heirs of the intestate, sued for partition of the thirty-eight-acre tract sold subject to the widow's dower, claiming that the commissioner's sale ordered by the court was void.

*Held,* that the court having jurisdiction both of the subject-matter and of the parties, the order of sale was not void, and can not be collaterally attacked.

SAME.—*Acquiescence.*—*Estoppel.*—The plaintiffs, having acquiesced in the order of sale more than thirty years, and having received and retained the purchase-money paid for it, are estopped from now claiming any interest in the land as against the purchaser at the sale, and those claiming under them.

From the Warren Circuit Court.

*W. L. Rabourn, J. W. Sutton* and *W. P. Rhodes,* for appellants.

*J. McCabe* and *E. F. McCabe,* for appellees.

McBRIDE, J.—This was a suit by the appellants for partition of thirty-eight acres of land in Warren county.

Leonard Eller died in Warren county intestate, May 23d, 1850, the owner in fee of certain lands in that county, including the land in controversy. He left surviving him a widow and eight children. At the October, 1855, term of the common pleas court of that county, certain of said children brought suit against all the remaining children and said widow for partition of said land.

An interlocutory decree was rendered awarding partition, adjudging that said children each owned in fee the undivided one-eighth of said land, and that said widow was entitled to dower therein. The court thereupon appointed commissioners to make partition, who thereafter reported to the court that they had assigned to the widow for her dower the thirty eight acres of land now in controversy, but that they were unable to make partition of said land between said children.

The court then ordered that the entire tract of land of which said Leonard Eller died seized be sold, subject to the dower

thus assigned. A commissioner appointed by the court made the sale accordingly.

The widow died in March, 1888, and this suit is brought by certain of the heirs of Leonard Eller against the remaining heirs, and also against those who claim through the said commissioner's sale.

The heirs of Leonard Eller claim that the order of the common pleas court, directing the sale of the fee in said land, was void in so far as it directed the sale of the thirty-eight acres in which dower had been assigned; that the commissioner's deed conveyed no title to that portion of the land, and that they became entitled to the possession of the same at the death of the widow. They seek to have the thirty-eight acres partitioned among themselves, and ask to have their title thereto quieted as against those claiming title under the purchasers at the commissioner's sale.

The foregoing facts all being shown by the complaint, the circuit court sustained a demurrer to it, on the ground that it did not state facts sufficient to constitute a cause of action.

The common pleas court had jurisdiction of actions for the partition of real estate. 2 G. & H., p. 20, section 5.

The complaint shows that in the partition suit brought in the common pleas court of Warren county, in October, 1855, said widow and all of said heirs were parties. The court therefore had jurisdiction both of the subject-matter and of the parties. It had the power, under the statute, not only to make partition, but to direct the sale of the land when it was shown by the report of the commissioners that it could not be divided without injury.

It can not be said that in making the order to sell, the court directed the sale of any greater interest than the parties owned, for at the time the children owned the fee in all the land, including that assigned as dower.

The death of the widow, while it would give them the right of possession, would not operate to give them any additional title. The order directing the sale of the fee in all

the land, directed the sale of nothing but that which they then owned. We need not inquire or decide whether the order to sell the fee in that part assigned as dower was or was not erroneous. Being made by a court having jurisdiction both of the subject-matter and of the parties, and operating only upon rights which they then actually owned and had submitted to the court for its adjudication, it was not void, and can not be attacked collaterally. This proposition is so well settled by authority that we deem it unnecessary to cite authorities further than to refer to the recent case of *Isbell* v. *Stewart*, 125 Ind. 112, as bearing upon the question here involved. If the parties wished to attack the order made by the court the attack should have been direct, by motion for a new trial and by appeal.

This necessarily leads to an affirmance of the judgment. It might, however, well be affirmed upon other grounds. It will be presumed that the partition proceedings in the common pleas court were regular, and pursued the usual course, nothing to the contrary being averred in the complaint.

It will, therefore, be presumed that the sale by the commissioner, in 1855, was followed by the distribution among the owners of the fee of the purchase-money. Appellants, therefore, more than thirty years ago, not only acquiesced in the order for the sale of the land, but received and presumably retained and still retain the purchase-money paid for it. This is sufficient to effectually estop them from now claiming any interest in the land as against the purchaser at that sale and those claiming under him.

The judgment is affirmed, with costs.

Filed April 25, 1891.