No. 16,201.

## BROWN ·ET AL. *v.* GREPE.

QUIETING TITLE.— *Decedent's Estate.— Partition.— Heirs.*—Where all the heirs of a deceased person, except A., B. and C., join in executing a deed conveying to C. their interest in certain of the land which had descended to them from said decedent, and C. afterwards encumbers such land with a mortgage, which in due course of time is foreclosed and a sheriff's deed executed therefor, and subsequent thereto a partition suit is brought to which all the heirs of said decedent, including A., B. and C., are parties, to each of which heirs partition is made, except C., C. having been impliedly accredited with the portion conveyed to him by deed,—the purchaser holding title by virtue of the sheriff's deed is entitled to have his title quieted against A. and B., they, by the partition proceedings, having received, or being presumed to have received, their due proportion of the lands so descending.

From the Marion Superior Court.

*V. G. Clifford* and *W. F. Browder,* for appellants.
*G. T. Porter,* for appellee.

HOWARD, J.—This was a suit to quiet title to a certain parcel of land in the city of Indianapolis, brought by appellee against appellants. A demurrer was filed to the complaint, which was overruled, whereupon an answer followed in general denial. There was a trial by the court, a special finding of facts, and conclusions of law, and judgment for the appellee.

The first error assigned by appellants is the overruling of the demurrer to the complaint.

The complaint alleges that in 1871 Joseph Marsee died intestate, being the owner of certain real estate in the city of Indianapolis, and leaving his widow and eight children surviving; that in 1873, Elizabeth M. Brown, one of the children of said Joseph Marsee, died testate, leaving to her two children, the appellants, all her in-

terest in her father's said real estate; that on the 27th day of September, 1876, the widow and living children of said Joseph Marsee (except Joseph W. Marsee) and Ignatius Brown, widower of said Elizabeth Brown, executed to said Joseph W. Marsee a warranty deed for a certain part of the land inherited by them from said Joseph Marsee, which part so deeded to Joseph W. Marsee is called, for convenience of reference, parcel "A"; that at the date of the execution of said deed, the appellants were minors, and had no legally appointed guardian; that afterwards, Joseph W. Marsee borrowed of Albert G. Porter, as guardian of appellee, then a minor, the sum of twelve hundred dollars, giving as security therefor a mortgage on said parcel "A"; that said money was used to erect a dwelling and make other improvements on said parcel "A", and that the said Joseph W. Marsee went into exclusive possession of said parcel "A;" and thereafter resided thereon with his family; that one purpose of the execution of said deed was to put said Joseph W. Marsee in the exclusive possession of said parcel "A," as an agreed partition, so far as said parties thereto could effect said purpose; that on the 31st day of January, 1883, a partition suit was brought, to which all the heirs of said Joseph Marsee, including Joseph W. Marsee, and also including appellants, were parties, in which all the lands then owned by said parties, as derived by them from their said ancestor, Joseph Marsee, except said parcel "A," were partitioned amongst them, except that no share was set apart to said Joseph W. Marsee; that on the 11th day of March, 1885, said mortgage debt of Joseph W. Marsee being due and unpaid, appellee, having now become of full age, brought suit against him for the foreclosure of said mortgage on said parcel "A"; that said mortgage was foreclosed, and such proceedings were had that appellee purchased said parcel

"A" at sheriff's sale, and afterwards, on July 22, 1886, received a sheriff's deed therefor and took possession of said parcel; that said parcel "A" is not in excess in value of the share of the estate of which said Joseph Marsee died seized, to which the said Joseph W. Marsee was entitled as heir; that the real estate set off to appellants is the full share of the estate of said Joseph Marsee to which appellants are entitled as devisees of their mother, Elizabeth M. Brown, heir of said Joseph Marsee; concluding with a prayer to quiet title in appellee to said parcel "A," as against appellants.

From the averments of the complaint, it thus appears that the appellants were not parties to the deed by which parcel "A" was conveyed to Joseph W. Marsee. Neither were they parties to the foreclosure suit by which Joseph W. Marsee's title passed to appellee. And so, at first glance, it would seem that the interest of appellants in parcel "A", as heirs to Joseph Marsee's estate, still remains good, and that the demurrer should have been sustained. But it also appears from the complaint that the appellants were parties to the partition suit; that a share of the ancestral land, other than parcel "A," was set apart to them, of which they took possession, and which they still hold; that no share was set apart to Joseph W. Marsee, the holder of parcel "A," although he also was a party to that suit; that parcel "A" was in value no more than the just share of the original estate of Joseph Marsee, to which Joseph W. Marsee was entitled as one of the heirs; and that the share set apart to appellants was the full share of said original estate to which they were entitled as devisees of their mother, being the share to which she would have been entitled as heir, if she were living. All parties in interest as heirs of the original estate were brought into the partition suit; no attempt was made to include parcel "A" in the par-

tition; and while Joseph W. Marsee, to whom the parcel had been deeded by the adult heirs, was a party to the suit, yet nothing was set apart to him. It is therefore clear that the equities of all the heirs to Joseph Marsee's estate were considered, and partition made accordingly.

In this State there is no longer a distinction in pleading and practice between actions at law and suits in equity; so-that the courts, having general jurisdiction, may determine the legal and equitable rights of all the parties to the record. *Rout* v. *King*, 103 Ind. 555 (557), and cases cited.

The court before which the partition proceedings were brought had full power to determine all the rights of the parties, and to determine their respective ownerships in the ancestral estate. The presumption must be that this was done; and the complaint in this case avers positively that it was done. We think, therefore, that the complaint states a good cause of action to quiet title in appellee to the land in question, and, hence, that the demurrer was properly overruled.

The facts found by the court are those stated in the complaint, with some additional findings, not materially changing their effect. The court finds that at the time the loan was made to Joseph W. Marsee by Albert G. Porter, guardian, which was before the partition suit, the said Joseph W. Marsee told the said Albert G. Porter that appellants had a claim upon the land, and that thereupon the said Albert G. Porter insisted that the said parcel "A" should be enlarged from 37 feet to 60 feet in width, to make the security sufficient, over and above the interest of the appellants in said parcel, which was done. This only shows, what is quite apparent otherwise, that until the respective rights of the parties were settled in the partition suit, the appellants had the same interest in parcel "A" that they had in the re-

mainder of the ancestral estate, their undivided interest as heirs and devisees. This interest, however, as we have seen, was afterwards determined and set apart to them in the partition suit; they took exclusive possession of their said allotment, and have held it ever since.

It follows that the conclusions of law found by the court, in favor of appellee, were correct, and that the judgment in her favor should be affirmed.

Judgment affirmed.

Filed May 22, 1893; petition for a rehearing overruled Sept. 20, 1893.