KEPPER ET AL. *v.* SCHUMAKER ET AL.

[No. 12,464.   Filed October 8, 1926.   Rehearing denied January 6, 1927.]

1. PARTITION.—Ordinarily, the question of title is not involved in a partition case, but it may be presented for adjudication. p. 545.

2. PARTITION.—*Title may be adjudicated in partition proceeding.*—Where the pleadings, findings and motions subsequent to the decree of partition showed that title was involved and determined, it will be held that the title was adjudicated. p. 545.

3. PARTITION.—*Decree of partition which adjudicated title of one party binding on all parties thereto.*—A decree of partition, which is shown by the record to have adjudicated the title of

one of the parties thereto, is conclusive on the parties and those claiming under them. p. 545.

4. DESCENT AND DISTRIBUTION.—*Second childless wife did not inherit under the statute where she brought suit in partition alleging she was the owner of one-third "in fee simple" and the decree confirmed her contention, her interest passing, at her death, to her devisees.*—Where a second childless wife of a testator, after the death of her husband, brought suit in partition and alleged that she was the owner of one-third of his land in fee simple, and the court stated a conclusion of law to that effect, which was confirmed in the decree and by its action on subsequent motions, the children of the first marriage were not her forced heirs under the statute (§2487 R. S. 1881) as construed in *Utterback* v. *Terhune*, 75 Ind. 363, and the title thereto passed, at her death, to her devisees. p. 545.

From LaPorte Circuit Court; *Philo Q. Doran*, Special Judge.

Action to quiet title by Augusta Schumaker and others against Leo Kepper and others. From a decree for plaintiffs, the defendants appeal. *Reversed.* By the court in banc.

*Frank E. Osborn, Kenneth D. Osborn, Lee L. Osborn* and *Alfred J. Link*, for appellants.

*Herman W. Sallwasser, Norman H. Sallwasser* and *Melbon J. Sallwasser*, for appellees.

NICHOLS, J.—On May 11, 1877, one August Batke died testate, leaving surviving him a childless widow, Eliza Batke, and seven children by a former marriage. His will was probated in the LaPorte Circuit Court on May 24, 1877, and his widow, Eliza, qualified as executrix. At the time of his death, the decedent owned certain real estate, which was subsequently partitioned in the LaPorte Circuit Court in an action wherein the widow Eliza Batke, then Kepper, was plaintiff and the children of August Batke were defendants and the real estate now in controversy was set off to said Eliza "in severalty, to be held and enjoyed by her in fee simple," and was occupied by her until her death.

The appellants, Leo Kepper and Alvina Hensell, claiming the land in controversy as devisees of said Eliza, contend that under the will of August Batke, deceased, she had a devisable fee simple estate in said lands, while the appellees, claiming as children, or descendants of children, of said August Batke, contend that the fee simple estate of Eliza, at her death, descended to them as her forced heirs. The appellant, John B. Hensell, is the husband of Alvina Hensell, and the appellant, John Ansell, is the grantee of said devisees.

Appellees filed this suit in the LaPorte Circuit Court on January 18, 1924, praying to have their title quieted. On December 22, 1924, a decree was entered quieting appellees' title. Appellants' motion for a new trial was overruled, and this appeal taken, appellants assigning as error the court's action in overruling their motion for a new trial, under which is presented the insufficiency of the evidence.

The question to be determined in the case may be stated thus: Was Eliza Batke's estate in the land an absolute estate in fee simple which, at her death, passed to her devisees under the residuary clause of her will, or was it an estate in fee which, at her death, descended to the children of her deceased husband by prior marriages?

As it seems to the court, the special finding, conclusion of law and decree in the partition proceeding above mentioned and rendered May 17, 1882, are of controlling force herein. The facts there found, so far as here involved, are "that August Batke died at said county testate, on March 11, 1877, leaving surviving him the plaintiff, Eliza, his widow, and seven children, viz.: the defendants and an infant child, Clara, who died intestate, unmarried and without issue before the commencement of this action. That said Eliza, his widow, was

the second wife of said August Batke, and that she had no children by him.

"That the will of said August Batke was duly probated on May 24, 1877, and that a copy of said will is as follows, viz.:

"Waterford May 3d 1877.

"Know all men by these present that I, August Batke of the County of LaPorte and the State of Indiana being of sound mind, disposing mind and memory hereby revoking all former wills by me made at any time heretofore. First: I hereby constitute and appoint my wife Eliza Batke to be my sole executrix of this my last will and testament directing my said executrix to pay all my just debts, after payment of the same she shall have the use of all my property both real estate and personal to have and to hold the rents and profits until my youngest child is fourteen years of age, to support and raise the children up to the age of fourteen. Then my estate shall be settled and my wife shall have her third.

"August Batke    (Seal)"

"That on the day of the probate of said will, the said Eliza was appointed executrix thereunder, and thenceforward until the commencement of this proceeding has continued to act as such executrix. That on April 28, 1878, she was intermarried with one Leo Kepper, who immediately after said marriage filed his written consent to her continuing to act as such executrix. That at the time of the commencement of said action, the youngest living child of said August Batke was 11 years of age. That at the time of his death, said August Batke was seized in fee simple of the land described in the complaint (here involved). That after the death of said August Batke the said plaintiff continued in possession of all of said land, and thenceforward until the commencement of this action was in possession thereof. That during that time she and her husband

lived upon said land, and farmed and occupied it, except for about one year after the death of said decedent, during which year, the plaintiff lived upon said premises with the defendants, Ernest Batke and the three minor children of said August Batke. viz.: Clara, Augusta and Frederick.

"That on August 17, 1877, the plaintiff signed a certain instrument in writing as follows:

"In the matter of the Estate of August Batke deceased
          "In the LaPorte Circuit Court,

"The undersigned Eliza Batke widow of the said August Batke who died testate at said county on the 11th day of May, 1877, hereby elects to take the interest in the estate of her said husband to which she would be entitled under the statute of this state and does hereby renounce any and all provisions made for her under the will of her late husband in lieu of her statutory rights. In witness whereof she has hereunto subscribed her name this 17th day of August 1877.

                                        "Eliza Batke.
"Witness
"W. B. Biddle
"M. H. Weir

"That said instrument was signed in the office of Weir & Biddle who were then and there her personal attorneys and her attorneys as executrix of said last will and testament and was left in their possession and has been in their possession ever since; that said defendants had no knowledge of the execution of said instrument before the commencement of this suit. That there was no change in the conduct of the plaintiff, in respect of the land in controversy after said date, different from that existing before. That she never communicated the contents of said instrument to the defendants or either of them. That no demand for the possession of said real estate, or any part thereof was ever made by

said defendants, or either of them. That plaintiff supported the minor children of said testator, viz.: Augusta, Frederick and Clara, until the death of said Clara, and after her death, the others, in accordance with the provisions of said will until the first day of October, 1880, when they were taken away from her by their then appointed guardian. * * *."

Thereupon, the court stated its conclusion of law, based upon said findings of fact, that the plaintiff was the owner in fee simple of the undivided one third part of said land described in the complaint and entitled to have partition thereof, and there was an order of partition accordingly.

That the court intended to decree that the fee simple title of the widow, Eliza Batke, then Kepper, was hers by purchase as a devisee under the will of her deceased husband, and not a title by descent, is manifest by the court's own interpretation of the decree in ruling on the defendants' motion to modify the decree or interlocutory order. Such motion was to the effect that the real estate to be set off to the widow be so set off and decreed to her as that she would take and hold the same in fee, as the heir of August Batke, to be transmitted from her, at her death, to the defendants, but this motion was by the court overruled. It is apparent that this motion was suggested by the decision of the Supreme Court in the case of *Utterback* v. *Terhune* (1881), 75 Ind. 363, decided after the partition suit was commenced and before the decree of partition, and, in which, it was held that under the statute then involved, (§2487 R. S. 1881) a second childless wife inherited a fee from her husband, to be transmitted from her, at her death, to the children of her husband, as her forced heirs. But the court did not adopt the theory of the defendants as set forth in their motion, evidenced by the fact that it overruled the same.

It is true, as appellees contend, that ordinarily the question of title is not involved in a partition case, but that it may be so involved has been repeatedly decided. *Benbow* v. *Studebaker* (1912), 51 Ind. App. 450, 459, 99 N. E. 1033; *Irvin* v. *Buckles* (1897), 148 Ind. 389, 47 N. E. 822; *Isbell* v. *Stewart, Admr.* (1890), 125 Ind. 112, 115, 25 N. E. 160. Here, the pleadings, the special findings, and the divers motions subsequent to the decree, show conclusively that such question was within the issues.

The court having had jurisdiction of the subject-matter and of the parties in the partition proceedings in which judgment was rendered May 17, 1882, and having there determined the title that Eliza Kepper had in the real estate involved, the judgment rendered, whether right or wrong, is conclusive upon the parties thereto and those claiming under them, including appellees herein. *Long* v. *Schowe* (1914), 181 Ind. 13, 103 N. E. 785; *Isbell* v. *Stewart, Admr., supra; Benbow* v. *Studebaker, supra; Heritage* v. *Heritage* (1912), 52 Ind. App. 76, 99 N. E. 442.

The judgment is reversed, with instruction to grant a new trial.