## POND v. WOOD ET AL.

[No. 4,828.   Filed November 24, 1903.]

HUSBAND AND WIFE.—*Widow Remarrying.*—*Conveyances,*—*Estoppel.*— Where a woman during her second marriage exchanged with her husband lands held by her in virtue of her first marriage, for other real estate, each making conveyances to the other through a third person, her children by the first marriage are not, by taking, at the death of their mother during such second marriage, the real estate conveyed to her, thereby estopped from claiming the real estate attempted to be conveyed by her in exchange therefor, they not having joined in such conveyance.

From Wells Circuit Court; *E. C. Vaughn,* Judge.

Suit by Kelley B. Wood and others against John F. Pond and another. From a judgment for plaintiffs, defendant John F. Pond appeals. *Affirmed.*

*C. E. Sturgis, Levi Mock, John Mock* and *George Mock,* for appellant.

*W. H. Eichhorn* and *Burns & Emshwiler,* for appellees.

HENLEY, C. J.—Appellees commenced this action by a complaint in two paragraphs, making the appellant and one Thompson Gilbert defendants thereto. The first paragraph was one to quiet title to real estate. The second paragraph asked for a partition of the real estate, alleging that appellees were each the owner in fee simple of an undivided one-fourth thereof, and that Thompson Gilbert, who was made a defendant, was the owner of an undivided one-fourth thereof. It was alleged that the appellant John F. Pond was claiming an interest adverse to the interests of appellees, and that his claim was without right and un-

founded, and a cloud upon their title. The appellant and the appellees claim title to the real estate in controversy through Susan A. Pond, wife of the appellant. The said Susan A. Pond, now deceased, was formerly the wife of one Gilbert. The appellees and Thomas Gilbert were the children of Susan A. Pond by her marriage with the said Gilbert, and it was through the marriage of said Gilbert that she became the owner of the real estate in controversy, it being the one-third of said Gilbert's estate given her by the law of descent in this State. Afterward, and during her second marriage to the appellant herein, the said Susan conveyed the real estate in controversy to her said second husband in the following manner: She and her husband joined in conveyance to one George H. Seabold, who immediately conveyed the real estate to appellant. After the conveyance of the real estate to appellant, the said Susan A. Pond died, leaving no children surviving her by her second marriage. At the time of her death she was the owner in fee simple of certain other real estate, which appellant had conveyed to her at the same time that he received the deed for the real estate in controversy. The appellees, as the children of the said Susan, took, under the laws of descent, all of the real estate of which she died seized, because of an antenuptial contract made between appellant and his said wife, Susan, in which it was agreed that neither party should receive or inherit any part of the estate of the other. The defendant, Thompson Gilbert, was defaulted. Appellant answered the complaint in two paragraphs; the first being an affirmative answer, alleging certain facts on which he based his claim to ownership of the fee simple title to the real estate in controversy. The second paragraph was a general denial. Afterward the appellant filed a third paragraph of answer, alleging the facts fully upon which he based his claim to title. Appellant also filed a cross-complaint against the appellees and Thompson Gilbert, alleging, amongst other facts, that

he was the owner of the one-fourth interest of Thompson Gilbert by purchase and deed of conveyance from him. Appellees demurred separately to appellant's first and third paragraphs of answer, and also to appellant's cross-complaint. Thompson Gilbert appeared to the cross-complaint, and filed a disclaimer. Appellant thereupon withdrew his answer in general denial. The separate demurrers of appellees to the first and third paragraphs of appellant's answer and to his cross-complaint were sustained by the court. The appellant refusing to plead further, the court rendered judgment in favor of appellees as prayed in their complaint.

The only question presented by this appeal arises out of the ruling of the trial court in sustaining appellees' demurrer to appellant's third paragraph of answer. All the other alleged errors are expressly waived by appellant's counsel. The averments of the third paragraph of answer are substantially as follows: That appellant John F. Pond and one Susan A. Pond, now deceased, were on the 5th day of August, 1887, husband and wife; that at said date the said Susan was the mother of appellees and Thompson Gilbert by virtue of a former marriage; that on said date the said Susan, through and by virtue of said former marriage, was the owner of certain real estate in Wells county, Indiana, and which is the real estate described in appellees' complaint. It is further averred that on said date the appellant was the owner of certain real estate in Wells county, Indiana, which is particularly described in the answer, and which it is averred was at said time of the value of $800, and that the land which was owned by the said Susan by virtue of her said first marriage was at that date of the value of $500; that on the 5th day of August aforesaid this appellant and the said Susan exchanged or traded land in the following manner: Appellant conveyed his land to one George H. Seabold, the said Susan joining in said conveyance, and the said Susan conveyed her land

to the said Seabold, the appellant joining in the convey-
ance, and that thereupon Seabold conveyed to his said wife
Susan the tract of land so conveyed to him by appellant,
and conveyed to appellant the tract of land so conveyed
to him by the said Susan; that the tract of land which
appellant received contained thirteen and one-third acres
of land, and the tract which the said Susan received con-
tained forty acres of land; and that the conveyance to
appellant of the thirteen and one-third acres was all the
consideration appellant received for the forty-acre tract
of land so conveyed to her as aforesaid; that prior to
appellant's marriage to the said Susan they entered into
an antenuptial contract in writing, wherein they mutually
agreed that neither party thereto should receive or inherit
any part of the estate of the other; that on the 8th day
of July, 1901, the said Susan died intestate, the owner
of the real estate conveyed to her by said appellant as
aforesaid, leaving appellees and the said Thompson Gil-
bert, her children by her first marriage, surviving her; all
the said children being over the age of twenty-one years
at the time of her death; that at the time of the said Susan's
death the tract of land containing the thirteen and one-
third acres was not worth more than $500, and that the
forty-acre tract was worth more than $1,000; that, im-
mediately after the conveyance to the appellant of the thir-
teen and one-third acres, he entered into possession and
has ever since remained in possession thereof, and has made
valuable and lasting improvements thereon; that imme-
diately after the death of their said mother the appellees
and Thompson Gilbert entered into possession of the forty-
acre tract of land, claiming the same as their own by virtue
of inheritance from their mother, with full knowledge of
the facts as herein set out, and with full knowledge that
the thirteen and one-third-acre tract of land was the only
consideration which appellant had received for said forty-
acre tract of land, and that said forty-acre tract was the

full consideration which their mother had received for the thirteen and one-third-acre tract of land conveyed to appellant; that on the 4th day of December, 1901, appellees, with full knowledge of all the foregoing facts, sold and conveyed their three-fourths interest in the said forty-acre tract to the defendant Gilbert for the sum of $750, which sum was appropriated to their own use, thereby ratifying the sale and conveyance of the said thirteen and one-third-acre tract; that on the 2d day of December, 1901, the defendant Thompson Gilbert agreed with appellees that he would purchase their three-fourths interest in the said forty acres if the appellant would execute to him his quitclaim deed for said tract of land, and that appellant on said 2d day of December did execute his quitclaim deed to said forty-acre tract, whereupon the said Thompson Gilbert purchased appellees' three-fourths interest in said land as aforesaid, the conveyance thereof being made on the 4th day of December, 1901; that the only consideration which appellant received for said quitclaim deed was the thirteen and one-third acres.

Upon the facts as above set forth, appellant contends the appellees are estopped from claiming any interest in the thirteen and one-third-acre tract described in the complaint. Appellees claim the real estate in controversy by descent from their deceased mother, Susan A. Pond. §2641 Burns 1901. Appellant claims by purchase from said Susan A. Pond. The facts, which are not disputed, make a case of peculiar hardship upon appellant, but we do not see how any relief can be granted him in this action. We think the case of *Horlacher* v. *Brafford*, 141 Ind. 528, decisive of the questions here involved. It was held in the case cited, under facts not materially different from the case at bar, that the appellees would not be estopped from claiming the real estate at the death of the mother, the court saying: "Appellee had no ownership or interest whatever in the land attempted to be sold by his mother,

at the time she sold it. There was, therefore, no sale of his property which he could ratify on becoming of age. He afterward did become the owner of the land on the death of his mother and by descent from her. Had his mother outlived her second husband she could have disposed of the land by her own deed, and it would never have come into possession of appellee. On her death, however, the land became his sole property, just as if it were then conveyed to him by deed. The case may seem one of peculiar hardship, but the law itself is just and equitable. The fault was in the parties to the quitclaim deed. They proceeded in ignorance or in disregard of the law. If appellee feels that he can conscientiously take the land, having already received from his guardian the proceeds of the sale of her land by his mother, the law notwithstanding the erroneous sale under the quitclaim deed, will give appellee the land which he here claims."

The answer does not bring appellant within the amendment to §2641, *supra,* which became operative May 31, 1879. It is not averred that appellees were of the age of twenty-one years at the time the conveyance was made, nor that they joined in the conveyance.

We find no error. Judgment affirmed.