## KELSEY v. KELSEY ET AL.

1. **Will**: ACTION TO CONSTRUE: GUARDIAN AD LITEM. Where an action was brought to construe and enforce a will and the guardian *ad litem* of a minor legatee filed a cross-petition directly attacking its validity it will be regarded as made in an original action, contemplated by section 2353, Code; and the guardian *ad litem* in such an action can lawfully interpose the question of the invalidity of the will.

2. ———: PRACTICE. Where the judgment of the court below accords with the preponderance of the testimony it will not be disturbed.

*Appeal from Monona Circuit Court.*

TUESDAY, DECEMBER 13.

THIS is a proceeding in the Circuit Court as a court of probate instituted by the executor to obtain, by an order of the court, an interpretation of the will of the testator. The defendant, Hattie G. Kelsey, an infant daughter of the testator, and a legatee under the will, by a guardian *ad litem*, answered the petition of plaintiff and filed a cross-bill in the proceeding. An order was made after the trial upon the merits, dismissing plaintiff's petition and setting aside the probate of the will, and annulling the will itself. The plaintiff appeals. The facts of the case appear in the opinion.

*Joy & Wright,* for appellant.

*G. W. McMillan,* for appellee.

BECK, J.—I. The petition shows that plaintiff is the executor appointed by the will of James M. Kelsey, deceased, which was duly admitted to probate in the Circuit Court wherein this proceeding was had. The will bequeaths a legacy of $5,000 to the wife of deceased, who died before the death of the testator, and $4,000 to Hattie G. Kelsey, an infant, his only child. All the remaining estate, under the interpretation of the will which plaintiff prays may be adopted by the court, was given to plaintiff, a brother of the testator, and to his

father.   The court appointed a guardian *ad litem* for defend-
ant Hattie, who answered the petition, setting up defense to
the proceeding which need not be here recited.   He also filed
a cross-petition, alleging, among other things, that when the
will was admitted to probate Hattie was an infant of tender
years, and a defense to the proceedings on the part of her
grandfather was prevented by the undue haste with which
they were conducted.   It futher alleges that the testator, when
the will was executed, was not of sound mind and was wholly
incapable of attending to ordinary business affairs; that the
execution of the instrument was procured by the undue influ-
ence and fraud of plaintiff, and that the property of his estate
is of the value of $20,000, all of which, under the will as inter-
preted by plaintiff, except $4,000 devised to his only child
Hattie, is set apart to plaintiff and his father.   The defendant
prays that the will may be declared void and of no effect.

II.   The counsel for plaintiff insist that the Circuit Court
had no authority in this proceeding to determine the invalidity
1. WILL: ac-     of the will, and that the guardian *ad litem* was not
tion to con-
strue: guar-     authorized to put that question in issue in this
dian ad litem.
case.

Under Code, section 2353, a will, after probate thereof, may
be set aside by an original or appellate proceeding in a proper
case assailing the validity of the instrument.   *Leighton v.
Orr*, 44 Iowa, 679.   But counsel for plaintiff maintain that
this is not an original proceeding contemplated by the statute.

The action is surely an original proceeding.   This is not de-
nied, but it is claimed that its purpose is to construe the will.
This is certainly true so far as the relief claimed by plaintiff is
concerned.   But in this, as in all other actions, the defendant
may plead as a defense whatever may defeat the claim of the
plaintiff for relief.   It is the policy of the law to settle
the controversies of litigants without the unnecessary mul-
tiplication of suits.   Hence, if in one action all the rights
of the parties may be determined, it will be done with-

out requiring other suits to be instituted. In harmony with this policy, liberal statutes provide that counter-claims, cross-petitions and equitable answers may be filed, presenting every ground of defense to recovery recognized by the law. In this case defendant sets up in the cross-petition that the will is invalid because of the insanity of the testator. The cross action assails the will, not in a collateral way, but by a direct attack. It must be regarded, therefore, as being made in an original action, contemplated by Code, section 2353, above cited.

III. Counsel for plaintiff insist that the guardian *ad litem* is not authorized to set up the invalidity of the will as a de-fense to the action. The ground of this position is that under Code, section 2565, a minor must prosecute an action by his guardian or next friend, and that the powers of a guardian *ad litem* are limited by section 2566 to the defense of actions instituted against the minor.

We have seen that a defendant to an action may interpose as a defense any matter which will defeat the plaintiff's right to recover. A guardian *ad litem* is not restricted by the stat-ute to pleading certain defenses and forbidden to make others. He is authorized to defend the action and may set up any matter that will defeat it. While the invalidity of the will is set up in this action by a cross-petition, it is nevertheless pleaded as a defense. We reach the conclusion that it was lawfully interposed by the guardian *ad litem*.

IV. This brings us to consider the merits of the case as presented by the record. The court below found that the will 2.———: was invalid. While the record does not state the
practice. ground of the court's decision, we are warranted in the conclu-sion that it was the insanity of the testator. Upon this ques-tion of fact there was a conflict in the testimony. The case is not triable here *de novo*. *Leighton v. Orr*, 44 Iowa, 679. We cannot, therefore, under the often repeated rules of this court, disturb the judgment of the court below. It is not improper

for us to remark that the judgment of the Circuit Court accords with the preponderance of the testimony which quite satisfactorily shows that the testator, when he executed the will was insane. His mental disorder was clearly indicated by his acts, appearance and conversation. While he probably grew better, after being taken by plaintiff to his father's house in New Hampshire, yet upon his return to his home in Iowa, his malady seems to have returned, and in less than a year after the execution of the will he destroyed his life with his own hand.

The foregoing discussion covers all points presented by counsel in their printed argument. It is our opinion that the judgment of the Circuit Court ought to be

AFFIRMED.