Shaul *v.* Rinker *et al.* ·

Filed Nov. 14, 1894.

———◆———

No. 17,086.

Shaul *v.* Rinker et al.

Process.—*Summons.—When Necessary to Issue.—Cross-Complaint.—Jurisdiction.*—Where a cross-complaint is filed, setting up a cause of action not disclosed in the original complaint, it is necessary to issue process thereon against the defendants therein named, in order to acquire jurisdiction over their persons.

From the Madison Circuit Court.

*H. D. Thompson, J. T. Ellis* and *E. E. Hendee,* for appellant.

COFFEY, J.—On the 7th day of September, 1891, the appellee Flora Rinker commenced an action in the Madison Circuit Court, against her coappellees, Minnie Huston, Clarence Huston, Frank Huston, Blanche Huston, the appellant Laura Shaul, and others, for the partition of a tract of land described in her complaint in that cause. She alleged in her complaint, among other things, that she and Clarence Huston, Frank Huston, Minnie Huston and Blanche Huston were the owners in fee and tenants in common of the undivided two-thirds of the land, and that some one of the other defendants, but which one she was unable to state, was the owner in fee of the remaining one-third.

The appellees, Minnie Huston, Clarence Huston, Frank Huston, and Blanche Huston were defaulted, but being minors, under the age of twenty-one years, a guardian *ad litem* was appointed for them, who filed an answer.

The appellant, Laura Shaul, filed a cross-complaint against the plaintiffs in that action, Minnie Huston, Clarence Huston, Frank Huston, Blanche Huston, and others, in which she alleged, among other things, that she became the owner in fee of all the land described by deed of conveyance executed by Lucy A. Huston on the 16th day of February, 1878; that said Lucy A. Huston put her in possession and that she continued to own and possess the same, paying all taxes and assessments thereon, until she sold and conveyed the same, by general warranty deed, to William P. Harter, and that the appellees herein were asserting an unfounded claim to the land, which cast a cloud upon the title. Prayer that the title be quieted in Harter.

No process was ever issued on this cross-complaint, but without such process, the court appointed a guardian *ad litem* for the appellees and proceeded to try the

cause, rendering a decree on the cross-complaint quieting title in Harter.

The complaint in this cause alleges that the finding and judgment in favor of Laura Shaul was procured by fraud upon the court in this; that her attorneys represented to the court that the cause, both as to the complaint and cross-complaint, had been compromised and adjusted, and that, by agreement, Harter was to have a finding and judgment quieting his title; that said finding and judgment were made and rendered by the court without any notice to the defendants to said cross-complaint, and that the court had no jurisdiction of the persons of said defendants, and that the finding and judgment are without jurisdiction and void.

The court overruled a demurrer to this complaint, and the appellant excepted. Thereupon she filed an answer, averring that the decree which the appellees were seeking to set aside was rendered by agreement; that by the terms of said agreement the appellant agreed to pay to the clerk of the Madison Circuit Court, for the use of the appellees, the sum of five hundred and ninety dollars, and to surrender for cancellation a tax certificate which she held against the land in controversy of the value of eighty dollars; that said decree was rendered pursuant to said agreement, and that she thereupon paid said sum of money to the clerk and surrendered said certificate for cancellation; that after the decree was entered the appellees, with knowledge of its terms, accepted said money from the clerk and still retain the same, never having returned, or offered to return, the same.

To this answer the court sustained a demurrer, and the appellant excepted.

On final hearing the court set aside the decree in favor of Harter, from which action of the court this appeal is prosecuted.

We are of the opinion that the circuit court did not err in overruling a demurrer to the complaint in this cause. The cross-complaint of Laura Shaul set up a new cause of action not disclosed in the original complaint, and it was, therefore, necessary to issue process thereon against the defendants therein named in order to acquire jurisdiction over their persons. Elliott's General Practice, and authorities cited, section 375.

The record discloses the fact that this was not done. For this reason the court had no jurisdiction as to these appellees, and the decree, as to them, was void.

We think the answer of Laura Shaul was wholly insufficient to bar the right of action set up in the complaint.

Section 2945, R. S. 1881, has no application to the case, inasmuch as the record disclosed the fact that the appellees were minors, under the age of twenty-one years. In dealing with them, with full knowledge that they were under legal disabilities and could not bind themselves by contract, she was bound to know that they might, at any time, rescind such attempted contract without restoring what they had received.

Nor does section 632, R. S. 1881, apply to the case, as this was an action to review a judgment and not an appeal to the Supreme Court.

Numerous motions were made by the appellant, after the finding and judgment entered by the court, having in view a modification of the decree entered in this case, but, as the questions presented by these motions are the same as those we have discussed, we deem it unnecessary to extend this opinion by setting them out.

There is no error in the record for which the judgment should be reversed, and the same is, therefore, affirmed.

Filed Nov. 16, 1894.