Thompson *v.* Henry.

---

## THOMPSON *v.* HENRY.

[No. 18,894. Filed June 14, 1899.]

DESCENT AND DISTRIBUTION.—*Husband and Wife.*—*Childless Second Wife.*—Prior to 1881 it was uniformly held that, under the provisions of §§2483-2487 R. S. 1881 a childless second wife took only a life estate in the lands of her deceased husband, but such decisions have been overruled by later decisions which hold that such wife inherits a fee simple interest in the lands of her deceased husband, which, at her death, descends to the husband's children by the former wife, or their descendants, if living. *p. 58.*

PARTITION.—*Effect of on Title.*—*Judgments.*—*Tenancy in Common.*—A judgment in partition between tenants in common has simply the effect of severing the unity of possession, and does not vest any new or additional title, where only partition is asked by the pleadings. *p. 58.*

DESCENT AND DISTRIBUTION.—*Husband and Wife.*—*Childless Second Wife.*—Where real estate was inherited by a childless second wife prior to 1881 when it was held that her interest amounted only to a life estate, and such real estate was afterward sold and conveyed, the rights of parties in interest will be governed by the law as declared by the Supreme Court at the time the land was sold and conveyed. *p. 59.*

SAME.—*Husband and Wife.*—*Childless Second Wife.*—*Effect of Overruling Former Decision.*—*Injunction.*—Plaintiff brought suit to enjoin defendant from removing gravel from certain described real estate. The special findings showed that the real estate in question was set off to defendant's remote grantor, a childless second wife, in 1874, as her share in her deceased husband's real estate, and plaintiff claimed title thereto by warranty deed from a child of the

deceased ancestor, who by the partition proceeding was given the land in question, subject to the life estate of the widow. *Held,* that a judgment for defendant will not be reversed in the absence of any finding showing when the widow conveyed the land. *p. 59.*

From the Hendricks Circuit Court. *Affirmed.*

*Adams & Enloe,* for appellant.

*E. G. Hogate* and *J. L. Clark,* for appellee.

Monks, J.—This action was brought by appellant to en-join appellee from removing gravel from the real estate described in the complaint. The court made a special finding of the facts, and stated conclusions of law thereon in favor of appellee, and rendered judgment accordingly. The conclusions of law are challenged by the assignment of errors.

The special findings, so far as necessary to the determination of this case, are substantially as follows: Jesse Hendricks died intestate in 1873, and left, surviving him, his widow (a second and childless wife) and children by his former wife. Afterwards, in 1874, on petition of the widow and a part of the children, partition was made of the land owned by said Hendricks at the time of his death, setting off to the widow one-third thereof for life, and to the children their respective shares in severalty, including the part so set off to the widow. The widow sold and conveyed, by warranty deed, the real estate set off to her, and by virtue of said deed and divers *mesne* conveyances, appellee became the owner of whatever title was conveyed by the warranty deed of said widow. Mark D. Hendricks, one of the children and heirs of Jesse Hendricks, sold and conveyed, by warranty deed, to appellant the part of said real estate set off to him, subject to the life estate of the widow, being the real estate described in the complaint. Said appellant is the owner of whatever title in said real estate was conveyed by said deed. The other facts found, and not set out above, are sufficient to entitle appellant to an injunction against appellee, enjoining him from removing the gravel from said real estate, if the

facts set out show that appellant owns said real estate in fee simple, subject to a life estate of said widow. *Gwaltney* v. *Gwaltney*, 119 Ind. 144. If, therefore, appellant owned the real estate described in the complaint in fee simple, subject to a life estate of the widow, the court erred in its conclusions of law.

Prior to the decision of *Utterback* v. *Terhune*, 75 Ind. 363, at the May term 1881, of this court, it was uniformly held that, under the provisions of §§2483, 2487 R. S. 1881, a second or subsequent wife having no child by her husband took a life estate only in his lands, where, upon his death he left, surviving him, a child or children by a former wife or their descendants. These decisions, however, were over-ruled in *Utterback* v. *Terhune*, *supra*, and it was held in that case that when a man dies intestate, leaving a second or sub-sequent wife, and no children or their descendants by such widow surviving, but has children or their descendants alive by a former wife, the interest that such widow takes in his land is a fee simple, which at her death descends from her to said children by the former wife or their descendants, if then living. This is now the settled construction of said sections. *Byrum* v. *Henderson*, 151 Ind. 102; *Stephenson* v. *Boody*, 139 Ind. 60, 65; *Haskett* v. *Maxey*, 134 Ind. 182, 187, 19 L. R. A. 379; *Helt* v. *Helt*, 152 Ind. 142. Ordi-narily a judgment in partition simply has the effect to sever the unity of possession, and does not vest in either of the co-tenants any new or additional title. After the rendition of such judgment, each cotenant has precisely the same title he had before, except that he holds his share of the whole in severalty, instead of in common. *Haskett* v. *Maxey*, *supra*, 189.

Pleadings in actions for partition may be so framed as to raise and settle questions of title; but, when only parti-tion is asked between tenants in common, no question of title is settled. The complaint in the action brought for partition of the lands of Jesse Hendricks, in 1874, only asked that the

Thompson *v.* Henry.

respective interests of the widow and children be set off in severalty, and it is settled law that such a pleading raises no question of title. *Habig* v. *Dodge*, 127 Ind. 31, 37; *Haskett* v. *Maxey, supra*, 189, and cases cited; *Stephenson* v. *Boody, supra*, 67.

The complaints and judgments in partition considered in *Habig* v. *Dodge, supra, Haskett* v. *Maxey, supra*, and *Stephenson* v. *Boody, supra*, were of the same character as the complaint and judgment in partition in this case, and it was held in those cases that no question of title was tendered or settled thereby. It is manifest, therefore, that the widow of Jesse Hendricks being his second wife, by whom he had no child, inherited the undivided one-third of his real estate in fee simple, and his children by the former wife inherited only the remaining undivided two-thirds thereof, and said widow owned the part set off to her in said partition proceeding in fee simple. *Byrum* v. *Henderson*, 151 Ind. 102. It is also settled law in this State that when in a case like this, the real estate was conveyed prior to the decision of *Utterback* v. *Terhune*, 75 Ind. 363, in 1881 (when it was held that the second or subsequent childless wife had only a life estate in the lands of her deceased husband), that the rights of all parties would be governed by the law as declared by this court at the time the land was sold and conveyed. *Haskett* v. *Maxey*, 134 Ind. 182, 190-193; *Stephenson* v. *Boody*, 139 Ind. 60, 65-67.

Under the law as declared in the cases last cited, if the land in controversy in this case had been conveyed by the widow and children, in the manner stated in the special finding, before the decision of *Utterback* v. *Terhune, supra*, in 1881, appellee would only own said real estate during the life of the widow, and appellant would own the same in fee simple, subject to said life estate, and appellant could maintain an action to enjoin appellee from removing the gravel therefrom. The special finding, however, does not show when the widow and children executed the deeds for the real

estate described in the complaint. The case made by the special finding does not therefore fall within the rule declared in the cases of *Haskett* v. *Maxey*, *supra*, and *Stephenson* v. *Boody*, *supra*. It follows that the court did not err in the conclusions of law. Judgment affirmed.

Hadley, J., did not participate in the decision of this cause.