## PENCE ET AL. *v.* LONG.

### [No. 5,703. Filed May 16, 1906.]

1. JUDGMENT.—*Default.*—*Res Judicata.*—In a judgment by default only those matters properly pleaded in the complaint are *res judicata.* p. 72.

2. DESCENT AND DISTRIBUTION.—*Widow Remarrying.*—*Alienation of Real Estate.*—*Statutes.*—Under the act of 1852 (1 R. S. 1852, p. 248, §18, 1 G. & H., p. 294) a widow remarrying could not alienate her real estate descending from her former husband; and at her death such lands descended to the children of such former marriage. p. 72.

3. SAME.—*Widow Remarrying.*—*Alienation of Real Estate.*—*Statutes.*—Under the act of 1879 (Acts 1879 [s. s.], p. 123, §2484 R. S. 1881, §2641 Burns 1901) a widow remarrying can not alienate real estate inherited from a former husband unless her husband and all children of such former marriage, who must all be over 21 years old, join in the conveyance; and at her death such land, if not thus alienated, descends to such children. p. 73.

4. PLEADING.—*Judgment.—Res Judicata.—Matters Concluded.*—In determining the matters concluded in a judgment pleaded in answer, the court will look to the issuable facts pleaded in such former case and not to the conclusions set forth in such answer. p. 73.

5. DESCENT AND DISTRIBUTION.—*Widow.—Rights in Husband's Real Property.*—Under the act of 1852 (1 R. S. 1852, p. 248, §27, §2491 R. S. 1881, §2652 Burns 1901) the surviving widow inherits in fee simple one-third of her deceased husband's real estate which she may dispose of during widowhood, but she can not alienate such lands during a remarriage. p. 74.

6. SAME.—*Widow Remarrying.—Rights of Children During Such Marriage.*—The children of the marriage with a former husband from whom the remarrying widow inherited lands have no interest in such widow's portion during her life. p. 74.

7. PARTITION. — *Parties. — Remarrying Widow. — Children of Former Marriage.*—The children of the former marriage are proper parties in a suit for partition by the remarried widow. p. 74.

8. SAME.—*Quieting Title.*—Title is not adjudicated in the ordinary suit for partition, though the nature of the titles of the parties be set out. p. 74.

9. SAME.—*Quieting Title.—How Question Presented.—Pleading.*—In a suit for partition by a remarried widow against the children of the former marriage, the complaint merely showing the portions respectively inherited by the parties and failing to show that the children were making any claims to her portion, a judgment by default is not *res judicata* as to the rights of such children to such widow's portion at her death. p. 74.

10. PLEADING. — *Complaint. — Partition. — Quieting Title.—Presumptions.*—The presumption that title was not in issue in a partition suit is not overthrown by allegations, in an answer, that such suit was to quiet title, that plaintiff sought to have her title quieted and that title was in issue. p. 75.

11. JUDGMENT.—*Partition.—Remarrying Widow.—Title of Children to Widow's Lands.*—A judgment by default decreeing partition of lands inherited by a remarrying widow and the children of her former marriage merely allots the lands, and such widow takes her share subject to the law of descent casting the inheritance thereof on such children in case of her death during her subsequent marriage. p. 75.

12. DEEDS.—*Descent and Distribution.—Remarrying Widow.—Statutes.*—Under §2641 Burns 1901, §2484 R. S. 1881, a remarrying widow and a part only of the children of her former mar-

riage cannot convey any part of her one-third interest in the former husband's real estate; and their warranty deed thereof creates no estoppel against those so joining therein. p. 75.

13. ESTOPPEL.—*Deeds.—Warranty.—After-Acquired Title.*—The execution of a valid warranty deed estops the grantor from asserting an after-acquired title. p. 76.

14. QUIETING TITLE.—*Defense.—Fraud Against Third Parties.*— It is no defense that the plaintiff in a suit to quiet title obtained his title by fraud practiced upon third parties where such title is not disaffirmed. p. 76.

From Grant Superior Court; *H. J. Paulus,* Judge.

Suit by David P. Long against Martin Pence and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Manley & Strickler* and *Elliott, Elliott & Littleton,* for appellants.

*Custer & Cline,* for appellee.

BLACK, P. J.—Martin Pence alone assigns as errors the sustaining of demurrers to each of his four paragraphs of answer to the complaint and the supplemental complaint of the appellee against Martin Pence and a number of other defendants.

The complaint alleged that the appellee and twelve certain persons of the defendants were the owners in fee simple of certain described real estate, being twenty-six and two-thirds acres of land in Grant county, stating their several shares; that the other three of the defendants, Martin Pence, Allen Pence and Lizzie Pence, his wife, each claimed some lien, interest and title in the land adverse to the appellee's right and title and adverse to the right and title of each of the other defendants, which claims were without right and a cloud upon the title of the appellee and said twelve other defendants in and to the real estate; that the land could not be partitioned and the interests of the several parties could not be set off to them without injury to the parties. Prayer, that the appellee and the defendants except Martin Pence, Allen Pence and Lizzie Pence, his wife, be declared the owners, in the shares set out; that

partition be awarded, and the title of the owners to their respective interests be quieted; that said excepted defendants be required to show what interest or title they or either of them might have, if any, and that a commissioner be appointed to make sale, etc. In the supplemental complaint it was alleged that since the filing of the complaint the appellee had purchased all the right, title and interest in and to the real estate of nine of the defendants, named, alleged in the complaint to be part owners, and that the appellee was then the owner of the respective interests of those nine defendants, together with the interest alleged in the complaint to be owned by him, making his entire interest the $\frac{5531}{5760}$ part thereof; and the undivided interests of the three other owners, Daffy Long, Von Barngrover and Fred Barngrover, were stated.

In the first paragraph of the answer of Martin Pence it was shown, in substance, that in 1856, Adolphus R. Long was the owner in fee simple of a certain tract of eighty acres of land in Grant county, and in that year he died, leaving as his only heirs at law his widow, Mary Long, and eight children, named as follows: Susan M. Long (afterward Susan M. Bell, by marriage), Amanda Long (afterward Amanda Barngrover, by marriage), Dicey Long (afterward Dicey Grindle, by marriage), Emily J. Long (afterward Emily J. Boswell, by marriage), David P. Long, plaintiff and appellee herein, Benjamin F. Long, Jasper N. Long and Oliver M. Long; that by his death the widow became seized of the undivided one-third of said eighty acres in fee simple, and each of the eight children became seized of the undivided one-twelfth thereof; that afterward Mary Long, the widow, married William La Forge; that in 1867, said Mary La Forge, William La Forge, her husband, Susan M. Bell, Amanda Barngrover and Dicey Grindle, of the heirs of Adolphus R. Long, commenced in the circuit court of Grant county, Indiana, a suit in partition and to quiet title to

said real estate, David P. Long, the appellee, Benjamin F. Long and Jasper N. Long being made defendants therein; that each of the defendants therein, including the appellee, was duly served with summons issued from that court more than ten days prior to the first day of the December term, 1867, of that court, the day set for the hearing of the cause; that each of these defendants failed to appear and was duly defaulted by the court; that said court had jurisdiction of the subject-matter and of the person of each defendant therein, including the appellee; that thereupon, the defendants having failed to appear and answer, the court duly rendered a judgment and decree that Mary La Forge was the owner in fee simple of an undivided one-third of said real estate, as alleged in the complaint of that cause, and partition of the real estate was ordered by the court; that thereafter commissioners were duly appointed by the court to make partition of the real estate in accordance with the judgment and decree, Mary La Forge to have set off to her the one-third in value of the real estate; that thereafter, at the April term, 1869, of that court, the commissioners made report to the court of the partition of the real estate, in which report there was set off to Mary La Forge the one-third of the real estate in value, the portion so set off to her containing twenty-six and two-thirds acres, more or less, the description being that of the land described in the complaint in the case at bar; that said court thereupon approved and confirmed the report of the commissioners and entered a final decree that Mary La Forge was the owner in fee simple of the tract so set off to her; that her title in and to said tract of twenty-six and two-thirds acres was quieted against each and all of the other plaintiffs in said cause and against each and all of the defendants therein, including the appellee; that said plaintiffs other than Mary La Forge and said defendants therein were each by the terms of said decree divested of all their right and title to the real estate so set

off to Mary La Forge; that said decree was duly entered of record in the records of the clerk's office, etc., and July 5, 1869, a certified copy of the same was duly recorded in the recorder's office of Grant county, etc.   It was further alleged that in the complaint in that cause Mary La Forge "sought to determine and to quiet the title to said real estate in her, and asked that her title thereto be quieted as against each of the plaintiffs other than herself and against each of said defendants in said action; that the title to said lands of Mary La Forge was in issue in said complaint and cause; that said defendants, including said David P. Long, failed to make any defense to said action at any time, and failed to file any answer or demurrer to said complaint;" that said decree of the Grant Circuit Court was not appealed from by any party to said suit, and it remains in full force and effect; that June 13, 1893, Mary La Forge and William La Forge, her husband, conveyed the real estate so set off to her to the answering defendant, Martin Pence, by deed duly executed to him, which was duly recorded; that the appellee in his complaint and supplemental complaint herein seeks to recover and have partition of the identical real estate so set off to Mary La Forge and by her conveyed to this defendant; that Mary La Forge died in June, 1899; that the only right or interest claimed by the appellee in his amended and supplemental complaint in and to said real estate is claimed by him as an heir of said Adolphus R. Long and said Mary La Forge and by alleged purchase from other heirs of those persons, each of which heirs was a party, either as plaintiff or defendant, to said suit in the Grant Circuit Court, and that the appellee has not, nor does he claim, any other right or title therein; and this answering defendant says that the appellee has no right, title or interest in the real estate.

The second paragraph purported to answer the complaint so far as it was thereby sought to recover and have partition of the undivided two-eighths of the real estate

described in the complaint. This paragraph's averments of facts were like those of the first paragraph down to and including the averment that the decree of the Grant Circuit Court remained in full force, except that it omitted the averment of the first paragraph, that "said plaintiffs other than said Mary La Forge and said defendants named were each by the terms of said decree divested of all their right and title to the real estate so set off to Mary La Forge, as above described," and also omitted the averments "that in the complaint in said cause the plaintiff Mary La Forge sought to determine and quiet the title to said real estate in her, and asked that her title thereto be quieted as against each of the plaintiffs other than herself and as against each of said defendants in said action; that the title to said lands of Mary La Forge was in issue in said complaint and cause; that said defendants, including said David P. Long, failed to make any defense to said action at any time, and failed to file any answer or demurrer to said complaint." It was then alleged in the second paragraph of answer that Mary La Forge took possession of the lands so set off to her; that June 13, 1893, she and Willam La Forge, her husband, conveyed said real estate to the answering defendant; that Emily J. Boswell and Joseph S. Boswell, her husband, and Oliver M. Long, the children of Mary La Forge, by her marriage to Adolphus R. Long were all then over the age of twenty-one years, and each of them joined in said conveyance to this defendant, and thereby ratified and approved the conveyance by Mary La Forge and her said husband; that the deed for such real estate was duly executed on that day by these persons, and was by them delivered to this defendant and by him duly recorded, etc.; that Mary La Forge died in June, 1899; that the appellee by his complaint and supplemental complaint herein seeks to recover and have partition of the real estate so set off to Mary La Forge and by her so conveyed;

that the only right or interest claimed by the appellee herein is claimed by him as an heir of Adolphus R. Long and Mary La Forge and by an alleged purchase from others of their heirs, each of whom was a party, either as plaintiff or defendant, to said action in the Grant Circuit Court, and the appellee does not have or claim any other right or interest therein; that Emily J. Boswell, Joseph S. Boswell and Oliver M. Long are estopped by their deed from claiming any right, title or interest in the land, and the appellee, as their assignee, is likewise estopped as to any interest or title claimed through them or either of them, etc.; and the appellee has no right, title or interest in said two-eighths of the real estate.

The third paragraph purported to be an answer as to the undivided four-eighths of the real estate. It contained the same averments as the second paragraph as to two-eighths of the real estate. It was then further alleged that, after the death of Mary La Forge, Joseph S. Boswell, who had joined in the conveyance made by her and her husband to this defendant, purchased from other heirs of Adolphus R. Long and Mary La Forge the undivided two-eighths of the real estate, and, prior to the commencement of this suit, conveyed the same to the appellee; but that Joseph S. Boswell and Emily J. Boswell, his wife, having joined in said conveyance by Mary La Forge to this defendant, and having thereby ratified and approved it, are estopped thereafter to claim any interest therein, and that the appellee, who is the assignee of said Boswells, is likewise estopped to claim any interest, right or title in the portion of said real estate conveyed to him by said Boswells; and that he has no right, title or interest in said four-eighths of the real estate.

The fourth paragraph purported to answer so much of the complaint and the supplemental complaint as sought to recover and have partition of five-eighths of the real estate; and it was therein alleged, substantially, that said

five-eighths part, at the commencement of this action and at the time of filing this answer, belonged to and was owned by certain persons named, not including the appellee or the answering defendant; that September 11, 1900, these persons were the owners of the undivided five-eighths of a certain other tract of land in section fifteen adjoining on the south section ten in which the land described in the complaint was situated; that thereafter, and prior to the commencement of this suit, the appellee purchased from these persons their respective interests in this other land; that the deeds of conveyance thereof were drawn by the appellee, or under his instruction; that with the intention of defrauding these persons out of their interest, right and title to said five-eighths of the real estate in section fifteen, the appellee so drew and constructed the deeds that they contained the description of the lands described in the complaint herein, all of which was done without the knowledge of these persons from whom he so purchased; that the appellee had not at any time purchased from these persons their interest, right and title to the lands described in the complaint herein or any part thereof, nor was it the intention of said persons to convey to him any portion of such interests, right or title to the lands in section ten, and not in section fifteen; that the appellee fraudulently procured said persons to execute to him deeds of conveyance for the lands in section fifteen, which deeds also fraudulently and wrongfully included the description of the lands described in the complaint; that said grantors, at the time of the execution of the deeds, did not know that they contained the description of the lands described in the complaint, and the appellee fraudulently and wrongfully failed to inform them at the time of the execution of the deeds that they did contain such description; that he had not and has not paid or agreed to pay these grantors any consideration for the lands described in the complaint or their interest therein, and they would not have executed the deeds

had they known that they contained descriptions of the lands described in the complaint; that they each relied upon the appellee to prepare deeds of conveyance for the lands in section fifteen, which he had purchased from them, and to insert the correct and true description, and believed that the deeds contained only the description of the lands so purchased in section fifteen; that by reason of the foregoing facts the appellee has no interest, right or title to said five-eighths of the real estate described in the complaint; that the appellee has not and does not claim any right, interest or title in said five-eighths of said real estate other than that arising from the execution to him of said deeds of conveyance so fraudulently obtained by him.

In the first paragraph of answer reliance is placed upon the assumed effect of the decree therein mentioned, which was rendered upon default and was conclu-

1. sive only as to matters properly pleaded in the complaint in that suit.  *Unfried* v. *Heberer* (1878), 63 Ind. 67, 72; *Goble* v. *Dillon* (1882), 86 Ind. 327, 44 Am. Rep. 308; *Barton* v. *Anderson* (1886), 104 Ind. 578; *Allen* v. *Rice* (1897), 16 Ind. App. 572.

The first paragraph of answer sets forth the facts which indicate the character of the title of Mary La Forge at the time of the rendition of the decree.   When her

2. former husband died in 1856, and when the decree in question was rendered, it was provided by section eighteen of our statute of descents (1 R. S. 1852, p. 248, 1 G. & H., p. 294) : "If a widow shall marry a second or any subsequent time holding real estate in virtue of any previous marriage such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and, if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be."   This statute absolutely pro-

hibited and rendered void any alienation of the property so derived, under the circumstances stated in the statute. *Vinnedge* v. *Shaffer* (1871), 35 Ind. 341; *Mattox* v. *Hightshue* (1872), 39 Ind. 95; *Avery* v. *Akins* (1881), 74 Ind. 283.

That section of the law of descent was amended in 1879 (Acts 1879 [s. s.], p. 123, §2484 R. S. 1881, §2641 Burns 1901) to read as follows: "If a widow shall marry a second or any subsequent time, holding real estate in virtue of any previous marriage, and there be a child or children or their descendants alive by such marriage, such widow may not, during such second or subsequent marriage, with or without the assent of her husband, alienate such real estate; and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be: Provided, however, that such widow and her living husband may alienate such real estate, if her children by the marriage in virtue of which such real estate came to her shall all be of the age of twenty-one years and join in such conveyance," etc. A conveyance made in contravention of the statute as thus amended is likewise void. *Aetna Life Ins. Co.* v. *Buck* (1886), 108 Ind. 174; *McCullough* v. *Davis* (1886), 108 Ind. 292, 294.

The appellant Martin Pence, deriving his alleged title through a conveyance made under circumstances rendering it void and not rendering the asserted title of the appellee invalid, relies upon the decree in the partition suit wherein the portion of the widow was set off to her, claiming that the title was involved in that suit and was by the decree therein quieted as against the parties other than the widow. What was determined in that case is to be ascertained by consideration of the issuable facts pleaded, and not by the mere conclusions in the answers or the prayer of the complaint mentioned

therein. It was true that the widow was the owner in fee simple of the portion which she claimed. (1 R. S. 1852, p. 248; §27, §2652 Burns 1901, §2491 R. S. 1881.) Except during a second or other subsequent marriage she could convey it and grant a good and indefeasable title thereto as against the children *(Avery* v. *Akins, supra)* ; but by the statute in force at the time of the rendition of the decree, and at the time of the conveyance to the appellant, she was rendered absolutely incapable of alienating the real estate. The children of the marriage by virtue of which she held the portion as widow had no existing title in her portion at the time of the rendition of the decree or at the time of the conveyance made during the marriage, but they were proper parties to the suit for partition as owners of the remainder of the land to be partitioned. While it is proper, and by the statute (§1201 Burns 1901, §1187 R. S. 1881) is required, that in the petition for partition the rights and titles of the parties interested be set out, and it is true that title may be put in issue in such a suit, yet it is well settled that no question as to the quieting of title as between the parties is involved, unless such question is appropriately presented for adjudication by the pleadings. In the case here in question the decree was rendered upon default. There was no pleading except the petition, and it does not appear that there was any averment therein showing that any party other than the widow was claiming any title or interest adverse to her in the portion of the real estate to which she asserted her title upon which she relied for partition. §1082 Burns 1901, §1070 R. S. 1881; *Irvin* v. *Buckles* (1897), 148 Ind. 389; *Thompson* v. *Henry* (1899), 153 Ind. 56; *Miller* v. *Noble* (1882), 86 Ind. 527.

It is to be presumed that the title was not in issue (*Green* v. *Brown* [1896], 146 Ind. 1), and the averments in the

answer that it was a suit to quiet title, and that Mary La Forge sought to determine and quiet her title and asked that it be quieted, and that the title of Mary La Forge was in issue in the complaint and cause cannot avail to overthrow such presumption. The only effect of the proceeding was to allot to Mary La Forge and to put her in possession in severalty of a definite portion of the land owned by her in fee simple as widow, leaving her, as to such portion, subject to the statute forbidding alienation thereof during her subsequent marriage, and casting it upon the children of the former marriage if she should die during her subsequent marriage.

In the second paragraph of answer it is sought to defend as to the two-eighths part of the land so set off to the widow, upon the ground that Oliver M. Long and Emily J. Boswell, two of the eight children of the former marriage, with Joseph S. Boswell, the husband of Emily, joined with Mary La Forge and her husband in the deed of conveyance to the appellant Martin Pence, and that said two children of the former marriage were then each over the age of twenty-one years; it being claimed that the persons so joining and the appellee as their assignee were by the deed in which they so joined estopped to claim any interest in the land.

In the third paragraph the appellant sought to defend as to the two-eighths part of the land upon the same grounds as in the second paragraph, and as to another two-eighths part he sought to defend on the ground that said Joseph S. Boswell, who was the husband of one of the children of the former marriage with whom he had so joined in the conveyance of Mary La Forge and her husband to this defendant, had purchased from others of said children the undivided two-eighths part of the land after the death of Mary La Forge, which before the commencement of this suit said Boswell had conveyed to the ap-

pellee, it being claimed that because Boswell had so joined in the conveyance made by Mary La Forge and her husband, he and his grantee were estopped thereafter to claim any interest in the real estate. The amendatory statute of 1879, *supra,* as above shown, contains a provision that "such widow and her living husband may alienate such real estate, if her children by the marriage in virtue of which such real estate came to her shall all be of the age of twenty-one years and join in such conveyance." If this proviso be applicable under the circumstances of this case, then, to render valid the conveyance, all the children must have arrived at majority and all of them must join in the conveyance. This plainly is the only method of alienation permitted in such case; if any substantial part of the requirements of the proviso be lacking, the conveyance is void as provided in the former part of the section.

If the widow had, as we have stated, title in fee simple, the children had no existing interest. It is not shown of any of the conveyances mentioned in any ·of the paragraphs of answer that it was made by warranty deed, ·without which an after-acquired title would not be affected. See *Horlacher* v. *Brafford* (1895), 141 Ind. 528; *Pond* v. *Wood* (1903), 32 Ind. App. 28.

If it be sufficiently shown in the fourth paragraph of answer that the appellee procured his title to the five-eights part of the land by fraud practiced upon his grantors, of which they or their privies might take advantage, this could not avail the defendant Martin Pence, a stranger to the transaction whose conduct was not influenced thereby and who made no · claim under or through the persons defrauded. The title which passed from the owners of the five-eighths part of the land to the appellee, though fraudulently procured from them by him, and therefore voidable by them, could not for such reason be avoided or treated as invalid by the defendant Martin Pence claiming under another grantor. As against him

the title fraudulently obtained by a conveyance not dis affirmed from the true owners was sufficient. *Steeple* v. *Downing* (1878), 60 Ind. 478; *Ashmead* v. *Reynolds* (1891), 127 Ind. 441.

All the paragraphs of answer were insufficient. Decree affirmed.