ZIEGLER, BY GUARDIAN AD LITEM, *v.* ZIEGLER
ET AL.

[No. 6,283. Filed October 30, 1906.]

1. GUARDIAN AND WARD. — *Appointment.* — *Powers of Court.* — *Statutes.*—Courts have the inherent and statutory right (§2684 Burns 1901, §2520 R. S. 1881, and §259 Burns 1901, §258 R. S. 1881) to appoint a guardian *ad litem* for an infant "impleaded in any suit." p. 22.

2. SAME.—*Authority.*—*Extent of.*—The extent of the authority of a guardian *ad litem* is to be found in the statute authorizing his appointment and the order of the court made in pursuance thereof. p. 23.

3. INFANTS.—*Actions by.*—*Guardians ad Litem.*—An infant cannot, over objection, prosecute a suit either upon a complaint or cross-complaint, by a guardian *ad litem*. p. 23.

4. APPEAL. — *Guardians ad Litem.* — *Waiver of Objections of Failure to Appoint.*—An objection that no guardian *ad litem* was appointed for an infant defendant is waived by failing to make same in the trial court. **p. 23.**

5. PLEADING.—*Demurrer.*—*Guardians ad Litem.*—*Right to Bring Suits.*—*Abatement.*—The right of a guardian *ad litem* to sue can be raised by demurrer under §342 Burns 1901, cl. 2, §339 R. S. 1881, where it appears upon the face of the complaint or cross-complaint that such guardian brought the suit; and if it does not, then, by a plea in abatement.  p. 24.

6. APPEAL.—*Guardians ad Litem.*—*Waiver of Objections to Suits by.*—Where no objection is made in the trial court to the prosecution of a cause of action by a cross-complaint by a guardian *ad litem*, such objection is waived.  p. 24.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Suit by Jacob Ziegler, Sr., and others against Jacob Ziegler, Jr., James T. Walker, guardian *ad litem.*  From a decree for plaintiffs, defendant appeals.  On motion to dismiss.  (For decision on merits, see — Ind. App. —.) *Overruled.*

*Iglehart & Taylor,* for appellant.

*Peter Maier,* for appellees.

COMSTOCK, P. J.—In this cause Jacob Ziegler, Jr., an infant, was, upon motion, made a party defendant to a partition proceeding.  James T. Walker was appointed his guardian *ad litem.*  Said guardian filed a cross-complaint in three paragraphs.  The case was tried upon the complaint and cross-complaint, and a finding made and a judgment rendered against appellant.  By his guardian, said Jacob moved for a new trial, and, upon the overruling of said motion, appealed to this court.  Appellee moves to dismiss the appeal for the reason that said cross-complaint ought to have been filed and the action prosecuted by appellant's next friend.

As an incident of their jurisdiction, courts have the inherent power to appoint guardians *ad litem* to defend the interests of minor defendants in actions pending before them.  Said power is also conferred by §2684 Burns 1901, §2520 R. S. 1881, in the following terms: "All courts shall have power to appoint a guar-

dian *ad litem,* to defend the interests of any minor impleaded in any suit; and to permit any person, as next friend, to prosecute any suit in any minor's behalf." It is further provided by §259 Burns 1901, §258 R. S. 1881, that "an infant defendant shall appear and defend by guardian appointed by the court or chosen by such infant with the consent of the court."

"The extent of the authority of a guardian *ad litem* must be found in the statute authorizing his appointment and in the order of the court made in pursuance

2. thereof. The statute above quoted imposes upon such guardian the duty to defend and not to prosecute suits on behalf of a minor." *Gibbs* v. *Potter* (1906), 166 Ind. 471.

In *Spencer* v. *Robbins* (1886), 106 Ind. 580, it is said: "Infants may defend by a guardian *ad litem,* but they cannot, over objection, thus prosecute an action either

3. upon a complaint or a cross-complaint. They can prosecute only by next friend, as provided by statute." In the case from which we have first quoted a demurrer was filed and sustained to the cross-complaint. In the second case a motion to strike out the cross-complaint was sustained. In both cases the lower court was given an opportunity to pass upon the legal capacity of the guardian *ad litem* to sue. In the case at bar, no objection was made to the action of the guardian *ad litem,* either by demurrer or by motion.

In *DePriest* v. *State, ex rel.* (1879), 68 Ind. 569, it is held that an objection to the trial and judgment upon the ground that no guardian *ad litem* had been ap-

4. pointed for an infant defendant in a bastardy suit could not be made for the first time in the Supreme Court. *Rawles* v. *State, ex rel.* (1877), 56 Ind. 433, and *Evans* v. *State, ex rel.* (1877), 58 Ind. 587, are to the same effect.

The right of a minor defendant to file a cross-complaint by guardian *ad litem* can be raised under §342 Burns 1901, cl. 2, §339 R. S. 1881, which provides for a demurrer when the plaintiff has not legal capacity to sue, and if the same does not appear on the face of the complaint or cross-complaint, then by plea in abatement. §346 Burns 1901, §343 R. S. 1881; *Clough* v. *Thomas* (1876), 53 Ind. 24; *Shirts* v. *Irons* (1876), 54 Ind. 13; *Bray* v. *Black* (1877), 57 Ind. 417; *Groves* v. *Ruby* (1865), 24 Ind. 418; *Strong* v. *Downing* (1870), 34 Ind. 300.

The statute cited and decisions thereunder upon the same question as the one before us are decisive. By failing to question the right of the guardian *ad litem* to file the cross-complaint in the court below, the right to raise such question upon appeal was waived.

Motion to dismiss overruled.