## BENBOW ET AL. v. STUDEBAKER ET AL.

[No. 7,964. Filed November 26, 1912.]

1. JUDGMENTS.—*Collateral Attack.*—An action which seeks to defeat and deny the force of a judgment wherein it was decreed that plaintiffs had no interest in the real estate in question, is a collateral attack, and can only be maintained on the theory that such former judgment is absolutely void. p. 456.

2. JUDGMENTS.—*Collateral Attack.—Guardian ad Litem.—Authority.—Presumptions.*—While there is no statute directly authorizing a guardian *ad litem* to file a cross-complaint, courts are charged with the duty of protecting the rights of infants, and a guardian *ad litem* appointed under §3067 Burns 1908, §2520 R. S. 1881, authorizing courts to appoint a guardian *ad litem* to defend the interests of any minor impleaded in any suit, being the agent of the court in the discharge of that duty, is not limited strictly to making a defense, but, in the absence of objection thereto, may take affirmative action where, in the judgment of the court, the facts warrant such action, so that, in an action to set aside a judgment rendered on a cross-complaint filed by a guardian *ad litem*, to which a demurrer for want of sufficient facts was overruled, it will be held, in the absence of a showing as to what authority was given in the order appointing him, or that any objection was made to the filing of such cross-complaint, that the same was a proper pleading and that the judgment rendered thereon cannot be attacked collaterally. p. 456.

3. PARTITION.—*Judgment.—Issues.—Questions of Title.—Conclusiveness.*—Although the object of a partition suit is not to settle conflicting titles, but is simply to sever the unity of possession and allot to the parties their interests in severalty, the question of title may be presented for adjudication by appropriate pleadings, and when so presented, the parties will be concluded on the issue thus formed and determined. p. 459.

4. PROCESS.—*Partition.—Cross-Complaint to Quiet Title.—Necessity for Process.*—Where a complaint for partition tenders no

question of title, a cross-complaint by defendant to quiet title to the land sets up a cause of action not disclosed by the complaint, and the issuing of process thereon is essential to acquiring jurisdiction. p. 460.

5. PROCESS.—*Partition.—Cross-Complaint.—Necessity for Process.*—Where defendants in a partition suit filed a cross-complaint asking to have their title to a part of the real estate quieted, a cross-complaint thereafter filed by another defendant, seeking to have the title to all the real estate quieted, introduced no new element into the case, and the parties were in court thereon without the issuing of process. p. 460.

6. PARTITION.—*Cross-Complaint.—Process. — Judgment. — Conclusiveness.*—Where certain defendants in partition filed a cross-complaint to quiet title to a part of the land, and other defendants filed a cross-complaint to quiet title to all the land, a finding and judgment against the former set of defendants on their cross-complaint was an adjudication against them on the issue of title, so that, although no process was issued on the latter cross-complaint, they were not affected thereby, since the finding and judgment on the latter cross-complaint was of no concern to them. p. 460.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Herbert L. Benbow and another against Benjamin Studebaker and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*James Bingham, Jesse R. Long, William F. White* and *William T. Haymond,* for appellants.

*W. A. Thompson* and *R. W. Sprague,* for appellees.

ADAMS, J.—This action was commenced by appellants against appellees, to quiet title to certain real estate in Delaware county, Indiana, and to set aside a former judgment made and rendered in partition proceedings, in which the title to said real estate was quieted as against appellants herein.

The court sustained appellees' several demurrers to the complaint, and appellants declining to plead over, and electing to abide by their complaint and exception to the ruling of the court in sustaining the demurrer thereto, judgment was rendered against them for costs. The only question

presented for review in this court is the sufficiency of the complaint to state a cause of action.

The complaint is long, and sets out a complete copy of the pleadings and order-book entries shown in said former proceeding. In brief, it is averred that Joseph Gerrard was on August 25, 1871, the owner in fee simple of 180 acres of land in Delaware county, Indiana, and continued to be the owner thereof until the time of his death, which occurred on September 27, 1871; that on said August 25, Joseph Gerrard executed his last will and testament, item two of which is as follows:

"I will, devise and bequeath to my said wife my home farm (describing the same) during her natural life, and at her death, I will, devise and bequeath said real estate to my five children by her, to wit: Minerva Alice, William Lincoln, Lora Delphus, George W. Morton and Riley, in equal proportions, and if any of those shall be dead, then I will, devise and bequeath said realty to the surviving ones of said five children."

That testator was survived by his widow and the five children, named in item two of his will; that said widow died August 26, 1891, and prior to the death of said widow, testator's daughters Lora Delphus and Minerva Alice died; that Lora Delphus was intermarried with John C. F. Benbow, and left surviving, as her only heirs, her said husband and appellant Herbert L. Benbow, her son; that Minerva Alice was intermarried with Frank F. Prigg, and left surviving as her only heirs her husband and appellant Edna May Prigg, her daughter; that on August 26, 1891, appellants were minors and were nonresidents of the State of Indiana; that on said day John C. F. Benbow filed his complaint in the Delaware Circuit Court for the partition of the real estate herein described, alleging that he was the owner of an undivided one-fifteenth part thereof, and that defendants named in the complaint, to wit, William L. Gerrard, George M. Gerrard, Riley Gerrard, Frank F. Prigg, Edna May Prigg and Herbert L. Benbow, were the owners of the

remainder thereof; that the complaint was in the ordinary form for partition, simply averring that the plaintiff and defendants were the owners and tenants in common of the real estate described therein, and asking that the interest of the plaintiff be set apart to him. With the complaint was filed an affidavit, alleging, among other things, that the action was one to enforce the partition of real estate, and that Herbert L. Benbow and Edna May Prigg were necessary parties thereto, and were nonresidents of the State of Indiana; that notice was given said parties by publication and proper proof thereof made; that appellants were called in open court and defaulted, and it being made to appear to the court that they were minors, a guardian *ad litem* was appointed for them, who qualified, and filed an answer in general denial; that with said answer, the guardian *ad litem* attempted to file a cross-complaint for and on behalf of said minors, to which cross-complaint the plaintiff and codefendants therein were made parties defendant, and in which said guardian *ad litem* sought to quiet title to an undivided two-fifteenths interest in said real estate in each of said minors; that William L., George M. and Riley Gerrard filed a demurrer to said cross-complaint, which demurrer was overruled by the court; that said Gerrards then filed their cross-complaint in said cause, making plaintiff John C. F. Benbow, Frank F. Prigg and appellants herein parties defendant thereto, alleging facts already detailed as to the parties, and the source of title, except in item two of the will following the words "in equal proportions, and if any of them shall be dead" three words were added, to wit, "at her death", and were alleged to have been and to be in the will of testator in addition to the words of said item two as shown by the record.

It is further alleged in said cross-complaint that the clerk of the court did not correctly copy said will into the record, but by mistake and inadvertence omitted said three words from said item two. It is also alleged that at the death of the

testator his wife and said five children named in item two were all living, but that the daughters Lora Delphus and Minerva Alice each died before the death of the widow. The cross-complainants ask for a correction of the record, that their title to the real estate be forever quieted and set at rest, and that defendants to said cross-complaint be adjudged to have no title therein.

There was no summons, publication or process of any kind issued on said cross-complaint, and no service of any kind was ever made or had on appellants or either of them on said cross-complaint, "all of which affirmatively appears from the record in said cause;" that appellants were called in open court and defaulted, and no guardian *ad litem* was appointed or qualified, but after the filing of said cross-complaint, and after the attempted default of appellants herein, the guardian *ad litem*, who appeared for appellants to the complaint of John C. F. Benbow, also appeared to the cross-complaint of the Gerrards, and filed separate answers in two paragraphs, the first in denial and the second alleging source of title to be as the heirs of their respective mothers through the will of Joseph Gerrard, deceased.

The court found against plaintiff Herbert L. Benbow on his complaint and in favor of defendants William L. Riley and George M. Gerrard on said complaint. The court found against the minor defendants, appellants herein, on their cross-complaint, and in favor of said Gerrards, and the court also found for the Gerrards on their cross-complaint, that they were the owners in fee simple of the real estate described. therein, and against all the defendants thereto, including appellants herein, and rendered judgment quieting their title to said real estate. It is also averred in the complaint that by subsequent conveyances certain appellees herein became the owners of the interest of said Gerrards in said real estate, and other appellees became the holders of liens thereon; that appellants have at no time conveyed or in any manner disposed of their interest in said real estate

or any part thereof; that the will of Joseph Gerrard as first alleged and set forth was the will of said testator, and remained in full force and unrevoked at his death; that the poceedings, finding and judgment in said action for partition, in which John C. F. Benbow was plaintiff, were invalid and of no force and effect, except in so far as the same related to the partition of said real estate, and not otherwise; that by virtue of the will of Joseph Gerrard and by inheritance from the respective mother, each appellant is the owner of an undivided two-fifteenths of said real estate, and entitled to have his title thereto quieted and forever set at rest.

Appellants' reliance for a reversal of the judgment in this case may be summed up in the following propositions: (1) That as appellants were minor defendants in the original action for partition, and were brought into court by publication to answer a complaint which did not seek to settle any question of title to the real estate, but only to allot to the plaintiff his interest therein, and as there was no service of notice to them on the cross-complaint of the Gerrards to quiet title, appellants were only in court for the purposes of the original complaint. (2) That although the guardian *ad litem* appointed by the court in the original action filed a cross-complaint, in which he sought to quiet the title in each appellant in two-fifteenths of the real estate in question, such guardian *ad litem* had no authority to file a cross-complaint, and appellants cannot be bound thereby. (3) That the guardian *ad litem* could not appear for the appellants to the cross-complaint of the Gerrards in said former action without notice to them of the filing of such cross-complaint. (4) That the title of the real estate in question was not as to appellants, put in issue, and the decree of the court quieting the title to said real estate in the Gerrards and against appellants was absolutely void. (5) That by virtue of the will of Joseph Gerrard, the mothers of appellants, on the death of the testator, each became the owner in fee simple

of an undivided one-fifth part of said real estate, subject to the life estate of the widow of said testator therein. This action is clearly a collateral attack on the judgment rendered in the action brought by John C. F. Benbow

1.  in 1891, and if the judgment was rendered against appellants in that action on their cross-complaint filed without right or authority by their guardian *ad litem*, or on the cross-complaint of the Gerrards, to which they were not in court, then as to appellants the court had no jurisdiction, and they may attack the judgment collaterally.

It is said by the author in Van Fleet, Collat. Attack §3: "Any proceeding provided by law for the purpose of avoiding or correcting a judgment, is a direct attack which will be successful upon showing the error; while an attempt to do the same thing in any other proceeding is a collateral attack, and will be successful only upon showing a want of power." This action seeks to defeat and deny the force of the old judgment, wherein it was decreed that appellants had no interest in the real estate in question. It is, therefore, a collateral attack, and as such can only be maintained on the theory that such former judgment is absolutely void. *Spencer* v. *Spencer* (1903), 31 Ind. App. 321, 328, 67 N. E. 1018, 99 Am. St. 260; *Winslow* v. *Green* (1900), 155 Ind. 368, 369, 58 N. E. 259.

The complaint avers that in the original action a cross-complaint was filed by the guardian *ad litem,* wherein it was sought to quiet the title of appellants in and to a

2.  part of the real estate described in the complaint.

The sufficiency of this cross-complaint was challenged by demurrer for want of sufficient facts, and held good by the court. It has been directly held in this State that a guardian who appears in a partition proceeding may file a cross-complaint for his infant wards. *Miller* v. *Smith* (1884), 98 Ind. 226, 228. It has also been held in other jurisdictions that the authority of a guardian *ad litem* is not limited strictly to making a defense, but that such guardian

*ad litem* may, where it is necessary to protect the interest of his wards, file a cross-complaint, and the adjudication thereon will be binding on the wards, if unappealed from by the guardian *ad litem*. *In re Kimble* v. *Dailey* (1905), 127 Iowa 655, 672, 103 N. W. 1009, 1012; *Tyson* v. *Tyson* (1896), 94 Wis. 225, 231, 68 N. W. 1015, 1017; *Kelsey* v. *Kelsey* (1881), 57 Iowa 383, 10 N. W. 753; *Sprague* v. *Beamer* (1891), 45 Ill. App. 17; *Thomas* v. *Safe Deposit, etc., Co.* (1891), 73 Md. 451, 21 Atl. 367, 23 Atl. 3.

In this State it is provided by statute that "an infant defendant shall appear and defend by guardian appointed by the court or chosen by such infant with the consent of the court." §259 Burns 1908, §258 R. S. 1881. Also, that "all courts shall have power to appoint a guardian *ad litem*, to defend the interests of any minor impleaded in any suit; and to permit any person, as next friend, to prosecute any suit in any minor's behalf." §3067 Burns 1908, §2520 R. S. 1881. It has been held that infants may defend by guardian *ad litem*, but cannot, over objection, prosecute an action either on a complaint or a cross-complaint; they can prosecute only by next friend as provided by statute. *Spencer* v. *Robbins* (1886), 106 Ind. 580, 5 N. E. 726. While we have no statute in this State directly authorizing a guardian *ad litem* to file a cross-complaint, it has been held that courts are charged with the duty of protecting the rights of infants, and that a guardian *ad litem* serves as the agent of the court in the discharge of that duty.

In *Gibbs* v. *Potter* (1906), 166 Ind. 471, 475, 77 N. E. 942, 9 Ann. Cas. 481, the court said: "Appellant, Laura E. Potter Gibbs, by guardian *ad litem*, filed a cross-complaint in three paragraphs, to which appellee's demurrer for want of facts, and for want of legal capacity in the guardian *ad litem* to sue, was sustained. This action of the court is complained of as erroneous. Courts of justice as an incident of their jurisdiction have inherent power to appoint guardians *ad litem* to protect the interests of minor defendants in actions

pending before them. * * * Courts are charged with the duty of protecting the rights of infants in controversies over which they acquire jurisdiction, and guardians *ad litem* serve as their agents in discharge of this duty. The extent of the authority of a guardian *ad litem* must be found in the statute authorizing his appointment and in the order of the court made in pursuance thereof. The statute above quoted imposes upon such guardian the duty to defend and not to prosecute suits on behalf of a minor. The order of appointment in this case did not purport to enlarge the powers and duties prescribed by statute. The court having special charge of the whole matter, by his action, plainly did not consider the prosecution of an affirmative action within the power and duty of the guardian *ad litem,* or he would doubtless have overruled appellee's demurrer to this cross-complaint.''

It will be observed from the foregoing that by its latest expression on this subject the Supreme Court clearly intimates that the methods employed in protecting the rights of infants rest in the judgment of the court, and that, if the facts were such as to warrant affirmative action in the protection of such interests, the court would have indicated it by overruling the demurrer.

In *Ziegler* v. *Ziegler* (1906), 39 Ind. App. 21, 24, 78 N. E. 1066, it is held that an infant cannot, over objection, prosecute a suit either on a complaint or cross-complaint by a guardian *ad litem,* and also that the right of a minor defendant to file a cross-complaint by guardian *ad litem* can be raised by the second clause of §344 Burns 1908, §339 R. S. 1881, which provides for a demurrer where the plaintiff has not legal capacity to sue, and if the same does not appear on the face of the complaint or cross-complaint, then by plea in abatement. The court said: ''The statute cited and decisions thereunder upon the same question as the one before us, are decisive. By failing to question the right of the

guardian *ad litem* to file the cross-complaint in the court below, the right to raise such question on appeal was waived."

The complaint before us does not show what authority was given to the guardian *ad litem* in the order appointing him, or that any objection was made to the filing of the cross-complaint by the guardian *ad litem*, but the complaint does show that the demurrer addressed to the cross-complaint, on the ground of insufficiency of facts, was overruled by the court. On the authority of the foregoing cases, we must hold that the cross-complaint filed by the guardian *ad litem* was a proper pleading in the former action, and that the judgment rendered thereon against appellants cannot now be attacked collaterally.

It is further insisted by appellants, that as they were brought into court to answer a complaint for partition alone, and had no notice of the filing by the Gerrards of the cross-complaint to quiet title, they were not in court, and are not bound by the judgment rendered on said cross-complaint.

It is true that primarily the object of a partition suit is not to settle conflicting titles, but is simply to sever the unity of possession, and allot to the parties their interests 3. in severalty, and that no question of title arises in such a proceeding. But it is also true that in an action for partition, the question of title may be presented for adjudication by appropriate pleadings, and when so presented the parties will be concluded on the issue thus formed and determined. *Avery* v. *Akins* (1881), 74 Ind. 283, 289; *Miller* v. *Noble* (1882), 86 Ind. 527, 529; *Luntz* v. *Greve* (1885), 102 Ind. 173, 174, 26 N. E. 128; *Thorp* v. *Hanes* (1886), 107 Ind. 324, 327, 6 N. E. 920; *Haskett* v. *Maxey* (1893), 134 Ind. 182, 189, 33 N. E. 358, 19 L. R. A. 379; *Irvin* v. *Buckles* (1897), 148 Ind. 389, 396, 47 N. E. 822; *Thompson* v. *Henry* (1899), 153 Ind. 56, 58, 54 N. E. 109; *Fordice* v. *Lloyd* (1901), 27 Ind. App. 414, 415, 60 N. E. 367; *Pence* v. *Long* (1906), 38 Ind. App. 63, 74, 77 N. E. 961.

The principle has been variously stated conforming to the facts of the cases under consideration, but the general proposition remains as above stated.    There was no question of title tendered by the complaint of John C. F. Benbow, and the filing of a cross-complaint by the Gerrards to quiet their title to the entire tract of land set up a new cause of action not disclosed by the original complaint, and in order to acquire jurisdiction over the persons of appellants it was necessary to issue process on said cross-complaint against appellants; otherwise they could not be bound by the judgment rendered thereon.    We regard this question as settled by the rule announced in *Shaul* v. *Rinker* (1894), 139 Ind. 163, 166, 38 N. E. 593.    We note the criticism of this case by counsel for appellees, and while the case has not been cited in the later decisions, it is directly in point, and has not been overruled.    We must, therefore, hold that appellants would not have been in court on the cross-complaint of the Gerrards if they had not, by the cross-complaint of their guardian *ad litem,* first presented the question of title for adjudication, and having themselves asked to have their title to a part of the real estate quieted, the cross-complaint of the Gerrards introduced no new element into the case at the time it was filed.

It will be noted that the complaint in this action, the sufficiency of which constitutes the single question before us, avers that in the former proceeding the court found against appellants on their cross-complaint to quiet title, and in favor of the Gerrards, as well as against appellants on the cross-complaint of the Gerrards, and rendered judgment accordingly.    The judgment on appellants' cross-complaint alone must be taken and held to be an adjudication against them on the issue of title, and, therefore, the judgment in favor of the Gerrards on their cross-complaint and against appellants is not of controlling importance.    When appellants were adjudged to have no interest in the lands described in their cross-complaint, the finding

and judgment of the court as to the real ownership of said land was of no concern to them.   But it clearly appears that the judgment rendered by the court in the original action on either or both cross-complaints cannot now be collaterally attacked.   This being true, it is unnecessary to pass on other questions presented by appellants relating to the construction of the will.

The judgment is affirmed.

Note.—Reported in 99 N. E. 1033.   See, also, under (1) 23 Cyc. 1062; (2) 23 Cyc. 1093; (3) 30 Cyc. 309; (4) 32 Cyc. 423.   As to collateral attack upon judgments, see 29 Am. St. 78.   As to the effect of compulsory partition, see 101 Am. St. 864.   As to whether partition must include all the lands of the cotenancy, see 114 Am. St. 80.